NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARTIN AKERMAN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-2216

---

Petition for review of the Merit Systems Protection Board in No. DC-3443-22-0639-I-1.

---

**ON MOTION**

---

**O R D E R**

The Merit Systems Protection Board moves to dismiss Martin Akerman's petition for review for lack of jurisdiction. Mr. Akerman responds with a request to "[q]uash" the motion and to "[p]roperly join[] and/or remand the case to the appropriate trial court(s)." ECF No. 25 at 3. He separately moves the court to clarify and "certify" this court's October 13, 2023, order, ECF No. 27 at 1, and to "bifurcate and transfer discriminatory elements," ECF No. 3 at 1.

Mr. Akerman filed an appeal with the Board challenging decisions of the Department of Defense Office of Inspector General and the Inspector General of the Intelligence Community declining to open his requested investigation. On October 28, 2022, the administrative judge issued an initial decision dismissing the appeal, concluding the Board lacked jurisdiction over those decisions, and, to the extent this could be construed as an Individual Right of Action appeal, such appeal would be premature.

Mr. Akerman subsequently filed a timely petition seeking review of the initial decision by the full Board. On June 26, 2023, Mr. Akerman moved to withdraw his petition at the Board. The Board issued an order asking Mr. Akerman to confirm his intent to withdraw, but Mr. Akerman has so far failed to provide that confirmation. On June 27, 2023, Mr. Akerman filed this petition seeking review of the initial decision. Mr. Akerman's filings before this court state that he raised a discrimination claim before the Board and that he wishes to pursue judicial review of that claim.

This court does not yet have authority to decide this case. Although this court has jurisdiction to review final decisions of the Board, *see* 28 U.S.C. § 1295(a)(9); 5 U.S.C. § 7703(b)(1)(A), Mr. Akerman's timely filed petition at the Board renders the initial decision non-final for purposes of our review. *See* § 7701(e)(1)(A); 5 C.F.R. § 1201.113(a) ("The initial decision will not become the Board's final decision if within the time limit for filing . . . any party files a petition for review . . . .").

We note two potential paths to this court's future review. First, Mr. Akerman may wait to receive a final decision from the full Board on his petition for Board review, at which point Mr. Akerman may seek this court's review, if necessary, by filing a timely petition for review with this court. Alternatively, Mr. Akerman can confirm with the Board that his request to withdraw his petition was knowing and voluntary, and then timely petition for our review

if, and when, the request has been granted, as the order dismissing his petition will constitute a final Board decision.

As for Mr. Akerman's request to transfer some portion of this case to district court: the Board states that "it does not appear Mr. Akerman raised a claim of covered discrimination before the Board in connection with the challenged agency action" that might warrant such transfer. ECF No. 24 at 8. Nothing in Mr. Akerman's filings, and nothing in our review of the limited record, support a contrary conclusion. Moreover, to the extent that Mr. Akerman's case before the Board is an IRA appeal, "[d]iscrimination claims may not be raised in that context." *Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1327–28 (Fed. Cir. 2020). We accordingly reject Mr. Akerman's request to transfer.

Mr. Akerman's motion for clarification also asks, "whether the [October 13, 2023, order] was issued by a panel of judges or by the clerk of the court," ECF No. 27 at 2. That order (as this one) was issued by a panel of judges and merely signed by the Clerk of Court. *See* Fed. Cir. R. 45(c) (authorizing the Clerk of Court to sign a document "[f]or the [c]ourt" when directed by a judge or the court).

Accordingly,

IT IS ORDERED THAT:

(1) The Board's motion to dismiss is granted. The petition for review is dismissed.

(2) Each side shall bear its own costs.

4                                                         AKERMAN v. MSPB

(3)  The motion to clarify, ECF No. 27, is granted to the extent provided in this order.  All other pending motions are denied.

FOR THE COURT

December 14, 2023                        Jarrett B. Perlow
Date                                     Clerk of Court